# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: June 19, 2020)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| GLADYS GUZMAN, | * | UNPUBLISHED |
| | * | No. 15-736V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Michael A. London, Douglas & London, P.C., New York, NY, for petitioner.
Debra A. Filteau Begley, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 16, 2015, Gladys Guzman ("petitioner") filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from cutaneous vasculitis due to her receipt of the influenza vaccination on February 18, 2014. Petition at 1. ECF No. 1. An entitlement hearing was held on October 25, 2018, in New York, New York. On May 14, 2019, the previously assigned special master issued his Decision denying entitlement.[3]

---

[1] This Decision will be posted on the website of the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 44 U.S.C. § 300aa-12(d)(4)B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical filed or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C. §§ 300aa.

[3] This case was reassigned to the undersigned for resolution of attorneys' fees and costs on October 7, 2019.

On December 11, 2019, petitioner filed an application for attorneys' fees. Motion for Attorney Fees and Costs (ECF No. 50). In that motion, petitioner requested $47,391.50 in attorneys' fees. On December 18, 2019, petitioner filed a supplemental motion, requesting $13,856.63 in attorneys' costs (bringing the total requested reimbursement for counsel to $61,248.13) and $2,087.59 in costs personally incurred by petitioner. Respondent filed his response on December 23, 2019 indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response, ECF No. 54, at 2.

For the reasons discussed below, the undersigned GRANTS petitioner's motion and awards a total of $61,170.41.

## I.     Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, although petitioner was denied compensation, the undersigned finds that both good faith and reasonable basis exist. Accordingly, a final award of reasonable attorneys' fees and costs is proper.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

### i.  Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Michael London, $375.00 per hour for work performed in 2015-2016, $400.00 per hour for work performed in 2017-2018, and $425.00 per hour for work performed in 2019; and for Ms. Virginia Anello, $350.00 per hour for work performed in 2015-2016, $375.00 per hour for work performed in 2017-2018, and $400.00 per hour for work performed in 2019. These rates require a reduction.

Concerning Mr. London's requested 2017 rate, the undersigned finds that it exceeds what Mr. London has previously billed at and been awarded for his 2017 Vaccine Program work. See Seminerio v. Sec'y of Health & Human Servs., No., 2017 WL 4173714, at *1 (Fed. Cl. Spec. Mstr. Aug. 18, 2017) (awarding Mr. London $375.00 per hour for work performed in 2017). Application of this rate results in a reduction of $22.50. Concerning Mr. London's requested 2018 and 2019 rates, the undersigned finds them to be reasonable given Mr. London's experience, both overall and within the Vaccine Program.

Turning next to the rates requested by Ms. Anello, the undersigned finds they also require a reduction. Similar to her colleague Mr. London, Ms. Anello has previously billed at and been awarded $350.00 per hour for her work in 2017. Id. The undersigned will therefore compensate her 2017 work at $350.00 per hour. Concerning 2018, the undersigned finds that $375.00 per hour is reasonable – in 2018 Ms. Anello had approximately 12 years of overall experience and has participated in numerous Vaccine Program cases. However, $400.00 per hour for work in 2019 is excessive, as such a rate would place her near the top of the 11-19 year range despite her overall experience (approximately 13 years) being at the lower end of that range. In the undersigned's experience, an appropriate hourly rate for Ms. Anello's work in 2019 would be $380.00 per hour, higher than the midpoint in the fee schedule range which reflects her overall Vaccine Program experience but an overall experience level at the lower end of that range. Application of these hourly rates results in a reduction of $327.00.[4]

### ii.  Reasonable Hours Expended

---

[4] 2017: ($375.00 per hour requested - $350.00 per hour awarded) * 9.8 hours billed = $245.00.
2019: ($400.00 per hour requested - $380.00 per hour awarded) * 4.1 hours billed = $82.00.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Accordingly, petitioner is awarded final attorneys' fees of $47,042.00.

### b. Attorneys' Costs

Petitioner requests a total of $13,856.63 in attorneys' costs. This amount is comprised of acquiring medical records, acquiring medical literature, postage, expert work performed by Dr. David Axelrod, and the cost of acquiring a transcript of the entitlement hearing. At the time petitioner filed her supplemental motion for attorneys' costs, petitioner's motion included a list of the claimed expenses but contained no documentation supporting them. Accordingly, the undersigned ordered petitioner to file adequate supporting documentation. Order, dated April 2, 2020, ECF No. 55. Petitioner filed a second supplemental motion on April 16, 2020, providing documentation for most, but not all, of the requested attorneys' costs. Petitioner noted that "because of the Coronavirus, Petitioner's counsel's office is 'physically' closed although it is 'virtually' open. Fortunately, Petitioner's counsel was able to electronically access a majority of the receipts and invoices supportive of Petitioner's counsel's identified expenses. However, for a small number of expenses, particularly expenses for medical literature, receipts or invoices were unavailable in electronic form." ECF No. 56 at 1-2.

While the undersigned understands and appreciates the increased difficulty in conducting legal business as a result of the coronavirus pandemic, and is aware that her Order requesting supporting documentation was issued after lockdown measures took place in New York City, that does not excuse the fact that supporting documentation should have been provided when petitioner initially filed her motion for attorneys' fees and costs, either on December 11 or December 18, 2019. As mentioned previously when discussing hourly rates, Mr. London and Ms. Anello have significant prior Vaccine Program experience, and thus are no doubt aware of the longstanding requirement that requests for attorneys' costs must be supported by documentation such as invoices or receipts.[5] The undersigned will therefore deduct $147.81 from the final award of costs for undocumented expenses.

### c. Petitioner's Costs

Pursuant to General Order No. 9, petitioner states she has personally incurred costs of $2,087.59. Like the attorneys' costs, petitioner has provided documentation of only some of these costs. Petitioner notes that most of the costs cannot be supported with documentation because cash was used in the transaction. ECF No. 56 at 3. However, these costs (airfare, taxi fare, etc.) are services for which receipts are typically available, even if cash is used as payment. Petitioner's request for compensation also asks for estimated amounts rather than sums certain (e.g., petitioner states she traveled via taxi to meet with counsel six times with each ride costing approximately

---

[5] See Guidelines For Practice Under The National Vaccine Injury Compensation Program, Section X at 71 (available at: http://www.cofc.uscourts.gov/sites/default/files/Guidelines-4.24.2020.pdf).

$75.00). The Vaccine Program cannot reimburse estimated costs. Accordingly, petitioner is awarded final costs of $419.59, the amount which has been supported.

### II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $47,391.50 |
| (Total Reduction from Billing Hours) | - ($349.50) |
| **Total Attorneys' Fees Awarded** | **$47,042.00** |
| | |
| Attorneys' Costs Requested | $13,856.63 |
| (Reduction of Costs) | - ($147.81) |
| **Total Attorneys' Costs Awarded** | **$13,708.82** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$60,750.82** |
| | |
| **Petitioner's Costs** | **$419.59** |
| | |
| **Total Amount Awarded** | **$61,170.41** |

**Accordingly, the undersigned awards the following:**

1) **a lump sum in the amount of $60,750.82, representing reimbursement of petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mr. Michael London; and**

2) **a lump sum in the amount of $419.59, representing reimbursement of petitioner's costs, in the form of a check payable to petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

                                                    **s/Nora Beth Dorsey**
                                                    Nora Beth Dorsey
                                                    Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice enouncing the right to seek review.